Donahue, J.
Upon the trial of this case in the common pleas court the plaintiff introduced in evidence the policy of insurance, and testimony in reference to the date of the adjournment of the school term, tending to prove that the public schools of Cleveland were not in session at the time plaintiff *130 employed Steve Korens, nor at the time of the' accident, nor at any other time during his employment.
It was admitted that the several items of the account contained in the amendment to the petition are correct.
The defendant offered in evidence a transcript of the docket and journal entries in the action in which Korens recovered judgment against The Collings-Taylor Company, the reply of Steve Korens in that action to the answer to the second amended petition, and the bill of exceptions taken in the trial of that cause, which bill contains a transcript of all the evidence, the exhibits, and the charge of the court. To the introduction of this evidence the plaintiff objected, which objections were sustained by the court. No further evidence was offered by the defendant.
It is apparent that the question of the weight of the evidence could not have been before the court' of appeals. Therefore, that court erred in reversing the judgment of the common pleas court “because it is contrary to the weight of the evidence.”
It appears from the entry of judgment in the court of appeals that that court found “no other error appearing in the record.” Nevertheless, it is the duty of this court to consider the questions presented by the record, and to determine whether the judgment of the court of appeals is right for any reason.
This involves a consideration of the ruling of the trial court in rejecting the evidence offered by the defendant and a further consideration of the *131 question whether the judgment of that court is contrary to law.
It appears from the transcript of the docket and journal entries, and the bill of exceptions, in the case of Steve Korens, a Minor, by John Korens, his Next Friend, v. The Collings-Taylor Company, offered in evidence by the defendant, that the trial court in that cause took from the jury all grounds of negligence pleaded in the petition, except the fourth, fifth and seventh, which read as follows:
“4th. Defendant was reckless and negligent in failing to instruct this plaintiff adequately and fully respecting the operation of said carding machine, and was further reckless and negligent in failing to warn and apprise him of all the dangers thereof.
“5th. Defendant was reckless and negligent in ordering and directing and permitting the removal of non-wool rags or extraneous material from said machine with a broom while said carding machine was in motion or operation.
“7th. Defendant was reckless and negligent in failing to adopt, promulgate and enforce a reasonably safe rule and method for the operation of said machine and the removal of extraneous or non-wool rags therefrom.”
Neither of these three grounds of negligence submitted to the jury by the court, and upon one or all of which the jury’s verdict must have been predicated, involved the question of the employment of Steve Korens by the insured contrary to law.
Therefore, the facts pleaded in the defendant’s second amended answer in this case were not *132 “found and declared by said jury in rendering said verdict, and by said court in overruling said judgment,” as averred in that answer.
While the trial court in that cause may have charged erroneously touching the question of the assumption of risk, yet it could not in that manner import into that- case an issue not presented by the pleadings to the prejudice of this plaintiff in this case. The court in that case, however, did specifically charge the jury that before it could return a verdict for the plaintiff, he must establish by the preponderance of the evidence, “that the defendant was guilty of negligence in some one or more of the particulars as charged in the fourth, fifth or seventh grounds of negligence in the petition, and that such negligence was the proximate cause of the injury to the plaintiff.”-
This charge fairly submitted to the jury, the real issues involved in that action. If the charge in relation to the assumption of risk was erroneous it was not prejudicial.
The trial court in the case at bar properly excluded the record of the Korens case offered in evidence by the defendant.
It is averred in the second amended answer that the employment of Steve Koyens was in violation of condition two of the policy of insurance, which recites that “said policy does not cover loss or expense for injuries or death caused to or by any child under fourteen years of age.”
This answer admits that Steve Korens was between 14 and 16 years of age. No evidence was offered to the contrary. The burden of proof *133 was upon the defendant to establish the truth of this averment by a preponderance of the evidence. It offered no evidence directed to that issue, but on the contrary admitted that Steve Korens was over 14 years of age. There was therefore nothing to submit to the jury touching this averment as to the violation of condition two of the policy of insurance.
It is contended on the part of the defendant that the plaintiff violated the third condition of the policy of insurance, which reads as follows:
“Third. Caused to or by any person employed by the insured contrary to law.”
This is denied by the plaintiff. No evidence was admitted on the part of the defendant in support of this averment. This of course ends the inquiry so far as the pleadings present an issue of fact touching the employment of Steve Korens by plaintiff contrary to law.
The reply of the plaintiff, however, avers that Steve Korens was employed June 6, 1911, was injured on the 11th day of the same month, and that the public schools of Cleveland were not in session, having closed for the current school year May 23, 1911. This seems to be established by the stipulation, with reference to the testimony of Sarah E. Hyre, and there appears to be no controversy touching any of these averments.
The question is therefore fairly presented by this record whether it is contrary to law to employ during the summer school vacation, a minor between 14 and 16 years of age, without first procuring an age and schooling certificate as a con *134 dition precedent to such employment. Section 12994, General Code, imposes a penalty upon a person employing a minor between 14 and 16 years of age in a factory, workshop, business office, telephone or telegraph office, restaurant, bakery, hotel, apartment house, mercantile or other establishment, or in the distribution or transmission of merchandise or messages, without first procuring from the proper authority “the age and schooling certificate provided by law.” This section, as it now reads, is general in its terms, and makes no exception whatever with reference to vacation of the public schools; but before this section can be properly construed it is necessary to inquire as to the age and schooling certificate provided by law.
Sections 7765 and 7766, General Code, provide for an age and schooling certificate, authorizing the employment of a child-under.sixteen and over fourteen years of age during the school term and while the public schools are in session. That certificate is to be issued only upon satisfactory proof that the child is over fourteen years of age and has been examined and passed a satisfactory fifth grade test in the studies enumerated in Section 7762, General Code.
It necessarily follows that “the age and schooling certificate provided by law,” referred to in Section 12994, refers to the age and schooling certificate authorized to be issued under Sections 7765 and 7766, General Code; for there is no other certificate provided by [aw- That certificate, under the plain terms of the statute authorizing its issue, has no purpose or application except “during the *135 school term and while the public schools are in session.” It is clear, not only from the language used, but also from the history of this legislation, that no other construction can be given it.
On the 23d of April, 1904 (97 O. L., 321), the general assembly of Ohio passed an act, one of the purposes of which, as declared in its title, was “to make the minor labor law conform with the compulsory education law.” That act required the age and schooling certificate provided in Section 4022-2, Revised Statutes, as a condition of employment of a child over fourteen and under sixteen years of age. This act was amended February 28, 1908 (99 O. L., 30), but the amendment retained this provision in identical language.
Section 4022-2, Revised Statutes, provided that no child under sixteen years of age should be employed during the school term and while the public schools are in session, without first procuring the age and schooling certificate. The codifying commission changed the language of the original act, “the age and schooling certificate prescribed in Section 4022-2 of the Revised Statutes of Ohio,” to read as follows, “the age and schooling certificate provided by law.” This language necessarily means the same as the language found in the original act, especially in view of the fact that no section other than Sections 7765 and 7766 provides for the certificate. These sections are found in the chapter relating to compulsory education, and contain substantially the same provisions as Section 4022-2, Revised Statutes.
It is therefore evident that this provision of *136 Section 12994, General Code, must receive the same construction as the similar provision found in the original statute, which by its title appears to have been passed for the purpose of making the minor labor laws conform with the compulsory-education laws of Ohio.
The general assembly having solemnly declared that it was the purpose and intent in passing this act to make the laws relating to minors conform with the laws relating to compulsory education, a court should hesitate to ignore the intention of the legislature, expressed in clear and explicit language, and to declare these laws in conflict with each other. In this section, however, the phrase “provided by law" must necessarily be construed in connection with the statutes which provide for such certificate. Sections 7765 and 7766, General Code, which provide for the age and schooling certificate, require such certificate only “during' the school term and while the public schools are in session."
The fact that under the provisions of Section 7766, General Code, these certificates can be issued only upon satisfactory proof that the child has been examined and passed a satisfactory fifth grade test in the studies enumerated in Section 7762 'necessarily confines the issuance of these certificates'to the school term, for it would be practically impossible to hold such examination during vacation.
This would mean the enforced idleness of a child legally entitled to be employed during the school vacation, merely because there are no means pro *137 vided by which the necessary certificate could be procured.
The contention on the part of the defendant that these laws relating to the employment of minors do not conform to the laws relating to compulsory education, notwithstanding the declared purpose and intent of the legislature, is sought to be maintained upon the theory that it was the intent of Section 12994, General Code, to prevent the employment of a child between fourteen and sixteen years of age in the establishments described in Section 12993, General Code, and in the distribution and transmission of merchandise or messages, without some evidence of the mental capacity of the child to protect himself from the dangers incident to such employment.
If the legislature had so intended, it would undoubtedly have provided for the procuring of a certificate of that character instead of the certificate provided in Sections 7765 and 7766, General Code, and would also have provided some means by which such a certificate could be obtained during the school vacation. However, an examination of Section 12993 furnishes a conclusive answer in the negative of this proposition. It includes business offices, telephone or telegraph offices, restaurants, hotels, apartment houses, mercantile or other establishments, and the distribution and transmission of merchandise or messages. These employments present no extraordinary danger. On the contrary, many of them are as safe as any employment in which a minor could engage.
*138 In view of the fact, however, that Section 12972 specifically prohibits the employment of a child under sixteen years of age in a place dangerous to its life, limb or health, or where its morals are likely to be impaired or depraved, further legislation upon that subject would be useless and unnecessary. This latter section covers the whole subject-matter, and protects a child under sixteen years of age from these dangers, regardless of whether he has or has not procured the age and schooling certificate.
The issue as to whether the employment of Steve Korens was in violation of Section 12972, General Code, was fairly presented by the pleadings in this case, but, the court having properly excluded the record in the original case, no other evidence was offered on the part of the defendant in the trial court to maintain this issue.
The phrase, “the age and schooling certificate provided by law,” found in Section 12975, must receive the same construction as heretofore given that language in. Section 12994. Section 12975 in this respect contains practically the same language found in Section 4022-2, Revised Statutes, which was originally a part of the compulsory-education laws of the state. The fact, that in the subdivision of that original section by the codifying commission this part of it was placed under its present sectional numbering in the chapter relating to offenses against minors, cannot affect its construction, even if the legislature had not declared the purpose of making these laws conform to the compulsory-education laws of the state.
*139 The legislative intent further appears in the act of May 10, 1910 (101 O. L., 310), wherein Sections 7765, 7766 and 12975 were amended in one and the same act.
The defendant having admitted that the items of the account contained in the amended petition were correct, there was no disputed question of fact to be submitted to the jury, and the trial court properly directed a verdict for the plaintiff.
Judgment of the court of appeals is reversed, and that of the common pleas court affirmed.

Judgment of the court of appeals reversed and that of the court of common pleas affirmed.

Nichols, C. J., Jones and Johnson, JJ., concur.